# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00061 LTB-CBS

GREG SCRAGG,

    Plaintiff,

v.

THE QUIGLEY CORPORATION, a Delaware corporation;
WALGREENS HOME CARE, INC., an Illinois corporation

    Defendants.
_____

## Confidentiality Order
_____

**WHEREAS**, the parties hereto have stipulated to the signing and entry of this Confidentiality Order for the Discovery of Confidential Information ("Confidentiality Agreement" or "Agreement"), and for good cause shown, IT IS HEREBY AGREED that each of the parties and their respective counsel shall be governed by the following terms and conditions concerning Confidential Information in the above-captioned action:

**NOW, THEREFORE, IS HEREBY ORDERED THAT:**

    1.    This Order applies to all documents and other products of discovery, and all information derived therefrom, obtained by the plaintiff or defendants pursuant to the requirements of any court order, or pursuant to requests under the applicable state or federal Rules of Civil Procedure, including but not limited to, answers to Requests for Admissions, Answers to Interrogatories and Requests for Production of Documents, documents subpoenaed and transcripts of depositions (hereafter "Discovery Material").

    2.

  a.  The parties have agreed that Confidential Discovery Material will be used only for the litigation of actions in the above-captioned litigation ("Litigation"), including any appeals of this Litigation, and for any other litigation alleging personal injuries solely to named individuals from use of Cold-Eeze Nasal Spray products that are pending in a state or federal court ("Other Cold-Eeze Nasal Spray Actions") so long as those parties have agreed to be governed by the terms of this Order or another Order that is the substantial equivalent of this Order. Other Cold-Eeze Nasal Spray Actions in which Confidential Discovery Material may be used do not include actions seeking remedies on behalf of a class of individuals, or actions seeking damages solely for economic injury. Confidential Discovery Material will not be disclosed except in accordance with paragraph 7.

  b.  Prior to giving access to any person falling within subparagraphs 7 (f), 7 (h) or 7(i) to Discovery Material designated as confidential pursuant to paragraph 3 of this Order, counsel for the party intending to disclose such confidential Discovery Material shall furnish a copy of this Order to the person being given access.  Any person falling within subparagraphs 7(f) or 7(h) or 7(i) being given access to Confidential Discovery Material shall execute a copy of this Agreed Protective Order in the space provided on Exhibit A.  Counsel obtaining a signature on Exhibit A shall retain the signed copy during the pendency of the Litigation.

3.

  a.  Persons producing Discovery Material may designate as confidential Discovery Material containing a trade secret or other confidential research, development, or commercial information ("Confidential Discovery Material") to the extent that such

designation falls within the scope of discovery pursuant to the applicable Rules of Civil Procedure.

      b.      Only a party with standing to assert that certain discovery material is subject to confidentiality protections may designate that discovery material as confidential. All designations of Discovery Material as "Confidential" shall be made in good faith.

      c.      The producing party shall not designate as confidential any Discovery Materials(a) already lawfully in the public domain or otherwise lawfully available to the public; or (b) produced in any related state or federal court litigation in which such information was not designated as "confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment; or (c) where there has been a ruling from any Court that the Discovery Material is not confidential; or (d) when such a designation would violate the applicable Rules of Civil Procedure, or other applicable laws, rules or statutes.

      4.

      a.      Confidential Discovery Material, if a writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

**CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER**

      b.      Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying. Wherever possible, the stamp shall be affixed in such a manner as to not obliterate or obscure any written matter. Once any document has been produced with such language, no copies lacking the same will be made by the receiving party absent a written stipulation

or Court Order authorizing the same.

    c.    No original documents may be altered with a confidential marking. Only copies of original documents may be marked confidential. If an original document is to be produced, the producing party must give written notice at the time of its production that the document is an original. If the producing party asserts confidentiality over the original document, that must be done at the time of production in a written statement accompanying the document.

    d.    In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential), shall be treated as confidential under this Protective Order. After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits, designated as being confidential, if any, shall be treated as confidential.

    e.    In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with paragraph 8 hereof. However, no use of Discovery Material prior to such notification

shall be deemed a violation of this Order.

  5.  In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.  Counsel for the deponent shall, either at the deposition or within thirty (30) days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing that the information provided in such answer is confidential.

  6.

  a.  Confidential Discovery Material shall be used solely for the purposes of this Litigation and Other Cold-Eeze Nasal Spray Actions so long as the parties have agreed to be governed by the terms of this Order or another Order that is the substantial equivalent of this Order and for no other purpose without prior written approval from the Court or the prior written consent of the producing person.

  b.  All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order must consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

  7.  Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

  a.  The Court (and any appellate court), including court personnel, jurors, and alternate jurors.

b. With respect to Confidential Discovery Material produced by Plaintiff, Defendants' in-house counsel, in-house paralegals and outside counsel, including any attorneys employed by or retained by Defendants' outside counsel who are assisting in connection within this Litigation, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by Defendants' outside counsel.

c. With respect to Confidential Discovery Material produced by Defendants, Plaintiff's attorneys in this Litigation, including the paralegal, clerical, secretarial and other staff employed or retained by such counsel, as well as Plaintiff's attorneys in other filed litigation involving Cold-Eeze Nasal Spray, including their paralegal, clerical, secretarial and other staff employed or retained by such counsel, provided that such counsel has agreed to be governed by the terms of this Order, or another Order that is the substantial equivalent of this Order.

d. Outside counsel for any other party, including any attorneys employed by or retained by any other party's outside counsel who are assisting in connection with this Litigation, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel.

e. Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts.

f. Retained experts, advisors and consultants (including persons directly employed by such experts, advisors and consultants), but only to the extent necessary to perform their work in connection with this Litigation, and not sooner than five (5)

business days after the opposing party receives notice of the retaining party's intent to share confidential information with the same.

      i.)      If Plaintiff or his counsel wish to disclose Confidential Discovery Material to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, development, manufacture or sale of any product for the treatment of cold symptoms that competes with Cold-Eeze Nasal Spray, Plaintiff or his counsel shall promptly so notify the disclosing party's counsel, including with such notification a copy of the expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert, advisor or consultant.

      Within five (5) business days of receiving such notification and curriculum vitae, the disclosing party's counsel shall notify Plaintiff's counsel whether the disclosing party objects to the disclosure of Confidential Discovery Material to the proposed expert. Any such objection shall be made in good faith and on reasonable grounds.

      If an objection is made and not resolved by the parties, the party objecting to disclosure shall file a motion (or letter to the Court) in support of that objection within seven (7) business days of the objection. Under no circumstances shall Confidential Discovery Material be disclosed to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, development, manufacture or sale of any

product for the treatment of cold symptoms that competes with Cold-Eeze Nasal Spray unless and until the parties resolve such a dispute, the objection is withdrawn, or the Court permits disclosure.

ii.)  If counsel for any Defendant wishes to disclose Confidential Discovery Material to an expert, advisor or consultant who is an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, development, manufacture or sale of any product for the treatment of cold symptoms that competes with Cold-Eeze Nasal Spray, the Defendant wishing to make such disclosure or its counsel shall promptly so notify counsel for the Defendant who is a competitor of said entity, including with such notifications a copy of the expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert advisor or consultant.

Within five (5) business days of receiving such notification and curriculum vitae, counsel for the Defendant(s) who is a competitor of said entity shall notify the counsel for the Defendant who wishes to make the disclosure whether they object to the disclosure of Confidential Discovery Material to the proposed expert.  Any such objection shall be made in good faith and on reasonable grounds.

If an objection is made and not resolved by the parties, the party making the objection shall file a motion (or letter to the Court) in support of that objection within seven (7) business days of the objection.  Under no circumstances shall Confidential Discovery Material be disclosed to an

        expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, development, manufacture or sale of any product for the treatment of cold symptoms that competes with Cold-Eeze Nasal Spray, unless and until the parties resolve the matter, the objection is withdrawn, the Court permits disclosure, or the parties who oppose the disclosure fail to object to such disclosure or file a motion in support of their objection within the times specified herein (or other scheduled agreed among the parties).

    g.    The author or recipient of the Confidential Discovery Material.

    h.    Such persons as the undersigned counsel shall consent to in writing before the proposed disclosure.

    i.    Any person whose testimony has been noticed or subpoenaed, or who has been designated as a witness at a deposition or at trial. The Confidential Discovery Material may be disclosed to such persons before, during or after their testimony, so long as prior to the disclosure the witness has agreed to abide by the terms of this Protective Order as set forth in paragraph 2(a), the disclosure is relevant to the subject of the witness' testimony and genuinely necessary to the preparation or development of said testimony, and the disclosure is made in good faith.  However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, development, manufacture or sale of any product for the treatment of cold symptoms that competes with Cold-Eeze Nasal Spray, the party seeking the testimony must also first receive the written consent of the counsel for the

party disclosing the Confidential Discovery Material, or obtain an Order from the Court permitting the disclosure to the witness.

  j. In addition, the parties may view Confidential Discovery Material so long as prior to the disclosure the individual wishing to view the material has agreed to abide by the terms of this Protective Order as set forth in Paragraph 2(a).

  8. All outside counsel, in-house counsel, Plaintiff's counsel, Defendants' counsel, in-house paralegals and the employees and assistants of all counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material

 other than in accordance with the terms of this Order.

  9. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

  10.

  a. If at any time a party wishes for any reason to dispute a designation of Discovery Material as confidential hereunder, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If the parties are unable amicably to resolve the dispute, the disputing party may apply by motion to the Court for a ruling as to whether the designating Discovery Material may properly be treated as confidential. The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

  b. All Discovery Material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 10(a) above, shall retain

that designation and be treated as confidential in accordance with the terms hereof unless and until:

    i.)    The producing party agree in writing that the material is no longer confidential and subject to the terms of this Order; or

    ii.)    This Court enters an Order that the matter shall not be entitled to confidential status and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

    c.    In the event that Discovery Material marked as confidential loses its confidential status, that Discovery Material shall not be treated as confidential. The producing party shall re-produce the Discovery Material with a new bates number, and without a confidential marking.

    d.    The parties shall negotiate in good faith before filing any motion relating to this Order.

11.    Any non-party may subscribe to the terms and protections of this Protective Order and designate Discovery Materials that the non-party is producing (whether written documents, deposition testimony, or other) as set forth in paragraph 4.

12.

    a.    Any Confidential Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any such Confidential Discovery Material shall be filed under seal and shall bear the legend:

> "THIS DOCUMENT CONTAINS CONFIDENTIAL
> INFORMATION COVERED BY A PROTECTIVE ORDER OF
> THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT
> TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL
> CONTENTS OF THIS DOCUMENT MAY NOT BE
> DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

      b.      Said Confidential Discovery Material and/or other papers shall be kept under seal until further order of the Court; however, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

      13.

      a.      Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential.

      b.      Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

      c.      No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Order.

      14.      This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this or any other litigation.

      15.      The entry of this Protective Order shall be without prejudice to the rights of the parties, or anyone of them, or of any non-party to assert or apply for additional or different protection at their discretion.

      16.      All counsel of record in this litigation shall make a good, faith effort to

comply with the provisions of this Protective Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

17. The terms of this Order shall survive and remain in effect after the termination of this Litigation. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this Litigation.

18. Within thirty (30) days of the termination of this Litigation as to the producing party, including all appeals, the parties shall return to counsel for the producing party the Confidential Discovery Material produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction. However, Confidential Discovery Material that is maintained by counsel as an exhibit to a document that had been filed with the Court is not subject to this paragraph.

19. If Confidential Material in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil

action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

20.     Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. However, no use of such documents by the recipient(s) of those documents prior to such notification shall be deemed a violation of this Order.  If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.  The party returning such material may move the Court for an order compelling production of the material.

21.     This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

22.     This Order shall not prevent persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents  (a) are already lawfully in the public domain or are otherwise lawfully

available to the public; or

(b) were produced in this or in any related state or federal court litigation in which such information was not designated as "confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment; or (c) where there has been a final determination from any Court (including any appeal from a ruling or order) that the Discovery Material is not confidential.

23.   <u>Jurisdiction and Choice of Law</u>.  The parties and any other person or entity subject to the terms of this Order agree that the United States District Court for the District of Colorado shall have jurisdiction over it and them for the purposes of enforcing this Agreement, notwithstanding any subsequent disposition of this Action.  The parties and any other person or entity subject to the terms of this Agreement further agree that Colorado law shall govern any action to enforce or relating to this Agreement.

24.   This Confidentiality Agreement may be signed in counterparts.

DATED at Denver, Colorado, this 5th day of January, 2007.

                      BY THE COURT:

                      *s/Craig B. Shaffer*
                      Craig B. Shaffer
                      United States Magistrate Judge

So Agreed:

Dated: 11/3/06                         /s Scott Eldredge
                                         Scott J. Eldredge
                                         Burg Simpson Eldredge Hersh & Jardine, P.C.

                                         40 Inverness Drive East
                                         Englewood, Colorado 80112
                                         (303) 792-5595
                                         Fax: (303) 708-0527
                                         Email: seldredge@burgsimpson.com

                                         Attorney for Plaintiff,
                                         Gregg Scragg


Dated: 1/3/07                          /s Brett M. Godfrey
                                         Brett M. Godfrey
                                         Godfrey & Lapuyade, P.C.
                                         9557 South Kingston Court
                                         Englewood, Colorado 80112-5952
                                         (303) 228-0700
                                         Fax: (303) 228-0701
                                         Email: godfrey@godlap.com

                                         Counsel for Defendants,
                                         The Quigley Corporation, and
                                         Walgreen Co.

**EXHIBIT A**

**ENDORSEMENT OF AGREED PROTECTIVE ORDER**

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Agreed Protective Order for the Protection of Confidential Information dated _____, _____ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Agreed Protective Order, and that I agree to be bound by its terms.  I also understand that my execution of this Agreed Protective Order, indicating my agreement to be bound by the Agreed Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Agreed Protective Order.

I further agree that I shall not disclose to others, except in accord with the Agreed Protective Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Agreed Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court for the District of Colorado, for the purposes of any proceedings relating to enforcement of the

Protective Order.

I further agree to be bound by and to comply with the terms of the Agreed Protective Order as soon as I sign this Agreement, whether or not the Agreed Protective Order has yet been entered as an Order of the Court.

Dated: _____

Signed: _____